# United States Bankruptcy Court
# for the District of Oregon

**Frank R. Alley, III, Judge**
Barbara D. Ivey, Judicial Assistant
Lee D. Brice, Law Clerk

151 West Seventh Ave., Suite 300
Post Office Box 1335
Eugene, Oregon 97440
(541) 465-6767
FAX: (541) 465-6898

May 6, 2005

Mr. Howard Lichtig
Attorney at Law
P.O. Box 1267
Port Orford, OR 97465

Ms. Tracy Trunnell
Trunnell & Assoc.
P.O. Box 627
Cottage Grove, OR 97424

RE: In re Carla Qualey   04-69895-fra7

Dear Counsel:

     Debtor filed her bankruptcy petition under chapter 7 on December 22, 2004.  After the petition date, she expended funds in the amount of $172 to H & R Block to have her federal and state income tax returns prepared.  Since 356 days of the 2004 tax year related to the pre-petition period, much of the non-exempt tax refunds belongs to the bankruptcy estate.  After accounting for exempt amounts, including a federal Earned Income Tax Credit, the Trustee determined that $1,946.19 of the $6,130 refund belonged to the Estate.  Trustee made a demand on the Debtor for the amount calculated as due, and the Debtor paid it over to the Trustee.

     Debtor has now filed a motion for an order requiring the Trustee to refund to the Debtor the tax preparation fees, on the grounds that requiring her to pay the fee herself would effectively reduce her exemptions claimed.  Debtor also asserts that since the Trustee is receiving funds from the tax refunds, she should be required to pay the cost of tax return preparation.

     The Trustee does not agree.  Trustee argues that Debtor must have used property of the estate to pay for the tax preparation services, making the action a violation of the automatic stay.  It is unclear to me how the Trustee reached the conclusion that the $172 paid to H & R Block in February 2005 was necessarily from funds belonging to the Estate.   The Trustee also argues that the Debtor should not be reimbursed for the expense as an administrative expense under Code § 503(b)(1)(A), when the tax preparer could have been paid under § 503(b)(2) had it been employed by the Trustee.

     While it would probably have been appropriate for the Debtor to discuss the matter of tax return preparation with the Trustee prior to employing H & R Block, I feel that in this case the

Debtor should be reimbursed for the funds expended, based on the proportional benefit received. As the Estate received $1,946 of the $6,130 refund, the estate should pay 31.74% of the tax return preparation fee, or $54.59, as an administrative expense under § 503(b)(1)(A).

      The foregoing represents the court's findings of fact and conclusions of law, which will not be separately stated. An order will be entered in conformity with the findings expressed herein.

      Very truly yours,

      FRANK R. ALLEY, III
      Bankruptcy Judge